UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE R. YOUNG,<br>Plaintiff,<br>v.<br>COMMISSIONER OF SOCIAL SECURITY,<br>Defendant. | No. 2:25-cv-1889 AC<br>**ORDER** |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-34.[1] For the reasons that follow, plaintiff's motion for summary judgment will be GRANTED and defendant's cross-motion for summary judgment will be DENIED. The matter will be reversed and remanded to the Commissioner for further proceedings.

I. PROCEDURAL BACKGROUND

Plaintiff applied for DIB on June 29, 2022. Administrative Record ("AR") 184-85.[2] The

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986).

[2] The AR is electronically filed at ECF No. 9.

disability onset date was alleged to be September 5, 2021. Id. The application was disapproved initially and on reconsideration. AR 106-110, 121-124. On June 27, 2024, ALJ Lisa Martin presided over the hearing on plaintiff's challenge to the disapprovals. AR 43-70 (transcript). Plaintiff, who appeared with her counsel Lisa Lupachini, was present at the hearing. AR 43. Alina Sala, a Vocational Expert ("VE"), also testified. Id. On July 14, 2024, the ALJ found plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d). AR 20-38 (decision), 39-42 (exhibit list).

On May 9, 2025, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-5 (decision and additional exhibit list). Plaintiff filed this action on July 5, 2025. ECF No. 1; see 42 U.S.C. § 405(g). The parties consented to the jurisdiction of the magistrate judge. ECF No. 8. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 10 (plaintiff's summary judgment motion), 14 (Commissioner's summary judgment motion), 15 (plaintiff's reply).

## II. FACTUAL BACKGROUND

Plaintiff was born in 1983 and accordingly was a "younger person" under the regulations when she filed her application.[3] AR 49. Plaintiff has an Associate's degree in Family Studies. Id. Plaintiff last worked in September of 2021 doing medical billing. AR 49-50.

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v.

[3] See 20 C.F.R. § 404.1563(c) ("younger person").

Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted). Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV. RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 402(d)(1)(B)(ii) (DIB), 1381a (SSI). Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987)

(quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. § 404.1520(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id. §§ 404.1520(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id. §§ 404.1520(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id. §§ 404.1520(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id. §§ 404.1520(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2026.
>
> 2. [Step 1] The claimant did not engage in substantial gainful activity since September 5, 2021, the alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. [Step 2] The claimant has the following severe impairments: degenerative disc disease of the cervical spine, lumbar spondylosis, fibromyalgia, small fiber polyneuropathy, generalized anxiety disorder, and unspecified depressive disorder (20 CFR 404.1520(c)).
>
> 4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. [Residual Functional Capacity ("RFC")] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform full range of light work as defined in 20 CFR 404.1567(b), except as follows. The claimant is precluded from ladders, ropes, and scaffolds climbing, and all dangerous work hazards exposure. The claimant is limited to performing the remaining postural motions occasionally. The claimant is limited to frequent, but not constant, handling, fingering, and feeling tasks with the bilateral upper extremities and to occasional pushing/pulling and foot control tasks with the bilateral lower extremities. The claimant is limited to occasional exposure to extreme heat, humidity, and cold conditions. The claimant is limited to moderate noise work environments. The claimant is limited to routine, simple work tasks, work not requiring a production quota pace (i.e., assembly line environment where one's work impacts work down the line), and work involving only occasional work interactions with co-workers, supervisors, and the public. The claimant will be off task up to 3 percent of workday due to momentary symptom distractions.
>
> 6. [Step 4] The claimant is unable to perform any past relevant work (20 CFR 404.1565).
>
> 7. [Step 5] The claimant was born [in 1983] and was 38 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).
>
> 8. [Step 5, continued] The claimant has at least a high school education (20 CFR 404.1564).
>
> 9. [Step 5, continued] Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See

> SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are job that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a).
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from September 5, 2021, through the date of this decision (20 CFR 404.1520(g)).

AR 22-38. As noted, the ALJ concluded that plaintiff was "not disabled" under Title II of the Act. AR 38.

## VI. ANALYSIS

Plaintiff alleges that the ALJ erred by failing to support her assessment of Dr. Abasi Bomani's medical opinion with substantial evidence. ECF No. 10 at 11.

### 1. The Medical Opinion of Dr. Bomani

Plaintiff presented to Abasi Bomani, M.D. for a consultative examination on August 27, 2023. AR 467. Prior to the examination, Dr. Bomani reviewed plaintiff's May 17, 2023 MRI of the cervical spine and her November 1, 2021 MRI of the lumbar spine. Id. Dr. Bomani noted plaintiff's chief complaints were fibromyalgia flare ups, irritable bowel syndrome, and chronic pain in the ankles, wrists, back, neck and hip. Id.

On examination, Dr. Bomani noted plaintiff had a normal gait, could stand on her heels and toes, squat, and tandem walk, but needed assistance rising. AR 469. Dr. Bomani recorded pain with straight leg raise at 35 degrees, hyperreflexia in the lower extremities, mild muscle tenderness to palpation, and normal gait. Id. Plaintiff was unable to dress and undress or get on or off the exam table independently. Id. Plaintiff had 5/5 strength in her lower and upper extremities with no sensory defects and no atrophy, but she had hyperreflexia with patellar tendon reflex. AR 470.

After the examination, Dr. Bomani opined plaintiff was limited to standing and walking up to four hours in an eight-hour day and sitting up to six hours in an eight-hour day. Id. Plaintiff was limited to occasional manipulative activities with the extremities and postural activities due to pain and numbness. Id. Plaintiff was also limited to lifting and carrying 30

pounds occasionally and 10 pounds frequently. Id. Finally, Dr. Bomani opined that plaintiff had "limitations" in traveling and exposures to extremes of temperature in the workplace, as such environmental conditions "exacerbate pain and numbness of the back and lower extremities." Id.

The ALJ found that Dr. Bomani's overall assessments and rating were supported by his medical knowledge, experience, training, and direct observation, but she was not persuaded by and declined to adopt the specific functional limitations assessed, finding them unsupported by the totality of the medical evidence. AR 32. Specifically, the ALJ concluded that Dr. Bomani's functional limitations were internally inconstant with his own exam findings and other exam findings during the relevant period, including records of a steady gate, 5/5 motor strength in all muscle groups, and intact bilateral sensation to light touch. AR 32, citing AR 446, 490, 512, 532. The ALJ also found Dr. Bomani's statements that plaintiff has "limitations" in traveling and exposures to extremes of temperature in the workplace were vague, and failed to set forth plaintiff's maximum capabilities. AR 33, 470. Finally, the ALJ discounted Dr. Bomani's statement and accompanying recommendations because they were based on a single examination of the claimant and were rendered without consideration of and/or review of the claimant's full treatment history and the complete medical record. AR 33.

2. Governing Legal Principles

In evaluating medical opinion evidence, ALJs give no specific evidentiary weight to any particular type of opinion or source but instead must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources and evaluate their persuasiveness. Revisions to Rules, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; see 20 C.F.R. § 404.1520c(a) and (b). The factors for evaluating the persuasiveness of a physician opinion include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements"). 20 C.F.R. § 404.1520c(c)(1)-

(5). Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered. 20 C.F.R. § 404.1520c(b)(2).

Supportability and consistency are defined in the regulations as follows:

> Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c)(1)-(2). The ALJ may, but is not required to, explain how the other factors were considered. 20 C.F.R. § 404.1520c(b)(2).

The Ninth Circuit confirmed that the regulatory framework eliminates the "treating physician rule" and displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. Woods v. Kijakazi, 32 F.4th 785 (9th Cir. 2022). Still, in rejecting any medical opinion as unsupported or inconsistent, an ALJ must provide an explanation supported by substantial evidence. Id. In sum, the ALJ "must 'articulate ... how persuasive' [he or she] finds 'all of the medical opinions' from each doctor or other source ... and 'explain how [he or she] considered the supportability and consistency factors' in reaching these findings." Id. (citing 20 C.F.R. §§ 404.1520c(b), 404.1520(b)(2)).

3. The ALJ Erred in her Analysis of Dr. Bomani's Medical Opinion

Plaintiff, relying on Revels v. Berryhill, 874 F.3d 648, 654 (9th Cir. 2017), argues that the ALJ erred because she improperly relied on Dr. Bomani's normal objective findings, even though such findings are consistent with fibromyalgia symptoms. In Revels, the Ninth Circuit addressed the unique position of fibromyalgia in the disability determination context. Id. Fibromyalgia is a rheumatic disease characterized by chronic pain throughout the body with multiple tender points, fatigue, stiffness, and a pattern of sleep disturbance. Id. at 656. The Revels court noted that "what is unusual about the disease is that those suffering from it have 'muscle strength, sensory

functions, and reflexes that are normal." Id. (quoting Rollins v. Massanari, 261 F.3d 853, 863 (9th Cir. 2001) (Ferguson, J., dissenting)). "Their joints appear normal, and further musculoskeletal examination indicates no objective joint swelling. Indeed, there is an absence of symptoms that a lay person may ordinarily associate with joint and muscle pain." Revels, 874 F.3d at 657 (internal citations omitted).

As explained in Revels, Social Security Ruling ("SSR") 12-2P "provides two sets of criteria for diagnosing the condition, based on the 1990 American College of Rheumatology Criteria for the Classification of Fibromyalgia and the 2010 American College of Rheumatology Preliminary Diagnostic Criteria." Id. at 656. First, "a person suffers from fibromyalgia if: (1) she has widespread pain that has lasted at least three months (although the pain may "fluctuate in intensity and may not always be present"); (2) she has tenderness in at least eleven of eighteen specified points on her body; and (3) there is evidence that other disorders are not accounting for the pain." Id. Second, "a person suffers from fibromyalgia if: (1) she has widespread pain that has lasted at least three months (although the pain may "fluctuate in intensity and may not always be present"); (2) she has experienced repeated manifestations of six or more fibromyalgia symptoms, signs, or co-occurring conditions, especially manifestations of fatigue, cognitive or memory problems ("fibro fog"), waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome; and (3) there is evidence that other disorders are not accounting for the pain." Id. (internal citations omitted).

Importantly, the Revels court noted that the condition is diagnosed based on patients' reports of pain and other symptoms, and that it cannot be confirmed by lab tests, X-rays or MRIs. Id. at 656-57. SSR 12-2P explains that the symptoms of fibromyalgia "wax and wane," and that a person may have "bad days and good days." SSR 12-2P, at *6. Accordingly, once a plaintiff has established a diagnosis of fibromyalgia, an analysis of her RFC should consider "a longitudinal record whenever possible." Id.

The Commissioner's opposition to plaintiff's brief mischaracterizes plaintiff's argument, asserting that it is limited to the functional assessment of her upper extremities, which it is not. ECF No. 14 at 3. The Commissioner also essentially omits argument as to plaintiff's primary

contention: that the ALJ failed to properly assess Dr. Bomani's opinion in the context of her fibromyalgia diagnosis. ECF No. 14 at 6. Indeed, the Commissioner does not address Revels at all. Id. Instead, the Commissioner cites two unpublished Ninth Circuit cases for the proposition that "normal exam findings are highly relevant to whether Plaintiff was as limited as she or her providers alleged." ECF No. 14 at 6.

The court agrees with plaintiff: the ALJ failed to properly evaluate the consistency or supportability of Dr. Bomani's opinion in accordance with the requirements of Woods and 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2) in light of Revels. The ALJ concluded Dr. Bomani's findings were unsupported by his own exam findings, and were inconsistent with prior exam findings of normal strength, normal gait, and intact sensation. AR 32, citing AR 446 (exam notes recording 5/5 strength and intact bilateral sensation, but also recording "severe tenderness" in the cervical spine), 490 (exam notes recording normal gait, balance, and reflexes, but also recording numbness, tingling, and cramping in both feet); 512 (exam notes from a visit for evaluation of suspected hereditary neuropathy, recording normal muscle strength and reflexes) & 532 (exam notes recording full muscle strength and sensation with normal reflexes and gait, but also noting that facial expressions indicate the patient is feeling pain."). First, as is apparent from the foregoing description of the cited medical records, the prior exam findings cited by the ALJ do not clearly support her own conclusion of inconsistency.

Second, as in Revels, the ALJ's conclusion that certain normal findings in Dr. Bomani's exam and other medical records are necessarily inconsistent with or do not support Dr. Bomani's assessed limitations appears to arise from "an apparent fundamental misunderstanding of fibromyalgia." Revels, 874 F.3d at 662. "In evaluating whether a claimant's residual functional capacity renders them disabled because of fibromyalgia, the medical evidence must be construed in light of fibromyalgia's unique symptoms and diagnostic methods ... [and] failure to do so is error[.]" Id. Here, the ALJ did not engage with the unique diagnostic nature of fibromyalgia, and erroneously discounted Dr. Bomani's limitations based on certain normal exam findings. While normal exam findings can be a valid rationale for discounting a medical opinion and may even ultimately factor into the analysis in this case, it was error for the ALJ to use this rationale in the

fibromyalgia context without engaging in any fibromyalgia-specific analysis. Accordingly, the ALJ's assessment of the supportability and consistency of Dr. Bomani's opinion was not supported by substantial evidence.

4. Remand

The undersigned agrees with plaintiff that the ALJ's error is harmful and remand for further proceedings by the Commissioner is necessary. An error is harmful when it has some consequence on the ultimate non-disability determination. Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006). The ALJ's error in this matter was harmful; Dr. Bomani's opinion, properly considered, may very well result in a more restrictive residual functional capacity assessment, which may in turn alter the finding of non-disability.

It is for the ALJ to determine in the first instance whether plaintiff has severe impairments and, ultimately, whether she is disabled under the Act. See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) ("the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court"). "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). Here, the ALJ failed to properly consider Dr. Bomani's medical opinion testimony. Further development of the record consistent with this order is necessary, and remand for further proceedings is the appropriate remedy.

VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 10), is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 14) is DENIED;

3. This matter is REMANDED to the Commissioner for further consideration consistent with this order; and

4. The Clerk of the Court shall enter judgment for plaintiff and close this case.

DATED: August 7, 2026

Allison Claire

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE