John D. Metsker, Esq.
CA SBN 268977
THE METSKER LAW FIRM
P.O. Box 590881
San Francisco, CA 94159
Phone: 866-342-6180
Fax: 415-500-4081
jmetsker@metskerlaw.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE R YOUNG,<br>Plaintiff,<br>v.<br>COMMISSIONER OF SOCIAL SECURITY,<br>Defendant. | Case No. 2:25-cv-01889-AC<br><br>**STIPULATION AND [~~PROPOSED~~] ORDER FOR THE AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)** |

IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees under the Equal Access to Justice Act (EAJA) in the amount of SIX THOUSAND NINE HUNDRED DOLLARS AND NO CENTS ($6,900.00) pursuant to 28 U.S.C. § 2412(d) and no costs pursuant to 28 U.S.C. § 1920. This amount represents compensation for all legal services rendered and costs incurred on behalf of Plaintiff, to date, by counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 2412(d) and 1920.

Plaintiff was the prevailing party in this matter and Plaintiff is an individual whose net worth does not exceed $2,000,000 at the time the civil action was filed. The position of the Commissioner was not substantially justified and an award of fees is not unjust.

After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees and costs to Plaintiff's attorney. Under *Astrue v. Ratliff*, 130 S. Ct. 2521, 2528-29 (2010), EAJA fees awarded by this Court belong to the Plaintiff and are subject to offset under the Treasury Offset Program (31 U.S.C. § 3716(c)(3)(B) (2006)). Any EAJA fees should therefore be awarded to Plaintiff and not to Plaintiff' s attorney.

If, after receiving the Court' s EAJA fee order, the Commissioner (1) determines that Plaintiff has assigned her right to EAJA fees to her attorney; and (2) determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, the EAJA fees will be made payable to Plaintiff' s attorney John D. Metsker DBA the Metsker Law Firm. However, if there is a debt owed under the Treasury Offset Program, the remaining EAJA fees after offset will be paid by a check or EFT made out to Plaintiff, but delivered to Plaintiff' s attorney, John D. Metsker. Fees may be made by check or electronic funds transfer (EFT).

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise. Payment of the agreed amounts shall constitute a complete release from, and bar to, any and all claims that Plaintiff

and/or Plaintiff's counsel may have relating to EAJA attorney fees, costs, and expenses in connection with this action.

The parties further agree that the EAJA award is without prejudice to the right of Plaintiff's attorney to seek attorney fees pursuant to Social Security Act § 206(b), 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA. See 28 U.S.C. § 2412(c)(1) (2006).

Respectfully submitted,

Dated: November 4, 2026 By: */s/ John D. Metsker*
JOHN D. METSKER
Attorney for Plaintiff

Dated: November 4, 2026 By: */s/ Marcelo N. Illarmo**
MARCELO N. ILLARMO
**As authorized via email on November 4, 2026*
Special Assistant United States Attorney
Attorney for Defendant

**[~~PROPOSED~~] ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

DATE: November 5, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE